(90 South. 19)

No. 24744.

STATE v. MARTIN.

(Oct. 31, 1921.)

*(Syllabus by Editorial Staff.)*

1. Robbery ⏩23(1)—Evidence as to billhead shown to victim by robber, being one given to accused, held admissible for identification.

In a prosecution for robbery, where the sole issue was the identification of the accused as

149 LA.—22

the negro who struck and robbed the prosecuting witness, evidence that a grocery billhead, exhibited by the robber to prosecuting witness prior to the robbery, was one given to the accused by a certain merchant on the day before he heard of the robbery *held* admissible.

2. Criminal law ⏩938(1)—Showing held insufficient for new trial for newly discovered evidence.

Where in a prosecution for robbery, the defense was alibi, and a physician had testified to calling on accused professionally in the afternoon, whereas the robbery occurred in the morning of such day, and the physician was not produced on application for new trial, alleging that he would change his testimony of the time to the morning of such day, and other alleged new witnesses were either unreliable or must have been known to accused prior to trial, denial of new trial was not error.

3. Criminal law ⏩938(3)—New trial for new evidence not allowed, where accused knew of witnesses before trial.

A new trial for newly discovered evidence will not be granted where accused could hardly not have known of the witnesses before trial.

Appeal from Criminal District Court, Parish of Orleans; N. E. Humphrey, Judge.

David Martin was convicted of robbery, and he appeals. Affirmed.

P. C. La Salle, of New Orleans, for appellant.

A. V. Coco, Atty. Gen., Robert H. Marr, Dist. Atty., of New Orleans (T. S. Walmsley, of New Orleans, of counsel), for the State.

PROVOSTY, J. Accused has appealed from a conviction and sentence for robbery.

[1] While the prosecuting witness, Weisner, owner and keeper of a grocery, was riding on his wagon with a negro in an isolated part of the city he was struck on the head and rendered senseless by the negro, and while he was in that condition he was robbed and the negro disappeared. On the trial he identified the accused as this negro. The sole issue was as to whether he was mistaken in

this identification. For showing that he was not, the state offered to prove that a grocery billhead which the negro had exhibited to him while they were on the wagon had been given to the accused by a grocery man named Desimone. Desimone testified that he had never given a billhead to any other negro than the accused. He could not remember the date, but thinks it was the day before he heard of the robbery. This evidence was objected to as irrelevant; but we think it was relevant, since it tended to identify the accused with the robber.

[2, 3] For establishing an alibi, Dr. Duggan, who had been called to the sick bed of accused on the day of the robbery, was the main witness. Unfortunately for the accused he testified that this call had been in the afternoon, and also that the only thing the matter with accused was a slight fever. The robbery had been in the morning; and so slight an ailment, evidently, had not been incompatible with it. The other alibi witnesses fixed by this visit of the doctor the hour when they saw accused sick in bed. On application for new trial, on the ground of newly discovered evidence, accused alleged that on another trial Dr. Duggan would change the time of his visit from the afternoon to the morning, and that eight other witnesses whose names he gave would testify that he was sick in bed at the time of the robbery. But on the trial of this application, he did not produce Dr. Duggan, nor any one of the apparently reliable witnesses named, but only a negro woman who roomed with him, another who lived next door, and a third who had left when the doctor came, and yet saw him there, and who admits to have been once in jail. Accused could hardly not have known of the two first of these witnesses, and the trial judge evidently did not believe the third. Nor do we.

Judgment affirmed.